AYRES, Judge.
By ordinary process the plaintiff sought judgment on two promissory notes, recognition of a vendor’s lien and chattel mortgage which secured the debt evidenced by the notes, and an order to cause the property encumbered to be seized and sold in satisfaction of the judgment to be rendered. Plaintiff alleged that it sold and delivered unto defendant certain-described household goods and appliances, in evidence of the purchase price of which defendant executed two promissory notes, and, in order to secure payment of these notes, plaintiff retained a vendor’s lien and privilege on, and the defendant specially mortgaged and hy-pothecated unto plaintiff or any future holder of said notes, the aforesaid merchandise.
The defendant, in answer to plaintiff’s demands, admitted his purchase of the merchandise and the execution of the notes and chattel mortgage, but contended that, by an extra judicial repossession of the property, the debt was remitted and that, accordingly, he was discharged therefrom. In addition, defendant sought recovery of damages for the alleged unlawful seizure of the property.
After trial, the defense urged by defendant was rejected, as was his claim for damages, and there was judgment in favor of plaintiff against the defendant for the sum of $1,095.25, with 8% per annum interest thereon from judicial demand until paid, together with 25% additional on principal and interest as attorneys’ fees, and costs. Plaintiff’s vendor’s lien and privilege and the chattel mortgage were recognized and ordered enforced and, accordingly, the property was ordered seized and sold, and, from the proceeds thereof, plaintiff’s claim and judgment were ordered paid by preference and priority. From the judgment thus rendered and signed, defendant devolutively appealed.
Having admitted the execution of the notes, the burden of proof was upon defendant to establish by a preponderance of the evidence the special defense urged by him, as, under the provisions of LSA-C.C. Art. 2232, “ * * * he who contends that he is exonerated [from an obligation], must prove the payment or the fact which has produced the extinction of the obligation.” This principle of law is so thoroughly recognized and established in the jurisprudence of this State that citation of additional authority is unnecessary. That defendant was discharged from his obligation on the notes is based upon the contention (1) that he was a mere surety for the obligation and that the principal obligor had been released; and (2) that the property mortgaged was seized and retained in full satisfaction of the debt.
For an understanding of these issues as they are resolved, a resume of the material facts established in the record is deemed expedient.
After the sales were made, the merchandise was, at defendant’s request, transported to the residence of one James H. Thomas. Plaintiff negotiated the notes to the General Electric Credit Corporation. For a time, the specified monthly installments were made, but then allowed to become delinquent. Information that the Thomases desired the furniture and appliances picked up reached the credit corporation in some manner not definitely established. How *819 ever, thereupon, representatives were sent to the Thomas home; there they found some of the property scattered about the premises — the kitchen range was ’ in the back yard, unprotected; a bedroom suite, in a back workshop; and a refrigerator, in the dining room. After their arrival at the Thomas residence, Mrs. Thomas requested that the furniture be picked up and, accordingly, executed a written authorization therefor. Such was accordingly done, but the credit corporation, not having a warehouse of its own, stored the- merchandise in plaintiff’s warehouse. Under a repurchase agreement with the credit corporation, plaintiff reacquired the notes and mortgage and made attempts to locate defendant, which attempts were, however, without success. This action was then filed, after which three or four months lapsed before defendant was located and service made upon him.
That the property was purchased by defendant for Thomas is a conclusion which may be reached from a consideration of the evidence introduced, but, so far as the holder of the notes was concerned, there was no obligation on the part of Thomas to pay for the furniture. Whatever agreement existed between defendant and Thomas is not disclosed. Therefore, it can only be concluded that defendant was the sole and principal obligor on the notes. There is no showing that he was a mere surety for Thomas. Therefore, if it could be concluded that the Thomases were released from any obligation — the nature and extent of which is not disclosed herein — by the representative of the credit corporation in merely so stating to Mrs. Thomas when the furniture was picked up, such would have no bearing upon defendant’s obligation on the notes sued upon.
The basis for the second of the contentions, that is, that the property was seized and held in satisfaction of the debt, is found in the language of the mortgage itself, wherein it is provided that
“Mortgagor * * * further agrees that Mortgagee or holder may seize or cause to be seized all or any part of the mortgage property and retain same in full satisfaction of the unpaid balance. * * * ”
This provision of the mortgage has no application to the factual situation shown to exist here. While the provision would seemingly grant the mortgagee authority to take over the property in satisfaction of the balance due on the indebtedness, there is no showing that plaintiff or General Electric Credit Corporation did so or had the intention of so doing. In fact, by the action taken toward a judicial sale of the property, it is evident that no such purpose was intended.
 Nor do we find any merit in defendant’s claim for damages by the alleged unlawful seizure of the property. The taking and storing of the property under the circumstances shown to exist here, and to which we have heretofore referred, were necessary for the preservation and protection of the property, not only in the interest of the mortgagee but for that of the mortgagor as well. Moreover, the action taken was in good faith. But, if it could be said that the taking was not at the request of the possessors, it was at least with their consent and permission. They made no objection at the time possession was taken; nor have they since registered any protest. Moreover, the taking was not by this plaintiff but by General Electric Credit Corporation, which is not a party to this litigation and whose acts are not shown to be chargeable to this plaintiff.
Accordingly, for the reasons assigned, the judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.